UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

ROBBIE G.[1],

       Plaintiff,

   v.                                 21-CV-183 (JLS)

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.

_____

### DECISION AND ORDER

Plaintiff Robbie G. brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) of the Social Security Act, seeking review of the decision made by the Commissioner of the Social Security Administration finding that he was not disabled. Dkt. 1. Plaintiff moved for judgment on the pleadings. Dkt. 7. The Commissioner responded and cross-moved for judgment on the pleadings, to which Plaintiff replied. Dkts. 9, 10. For the reasons below, the Court denies Plaintiff's motion and grants the Commissioner's cross-motion.

---

[1] Pursuant to the Western District of New York's November 18, 2020 Standing Order regarding the naming of plaintiffs in Social Security decisions, this decision and order identifies Plaintiff by first name and last initial.

## PROCEDURAL HISTORY

This action originates from Plaintiff's application for Title XVI Supplemental Security Income ("SSI") filed on August 16, 2019.[2] Tr. 190-96.[3] Plaintiff's application was initially denied, and he requested a hearing before an administrative law judge ("ALJ"). Tr. 56-101, 106-17, 120.

Following the hearing, in which Plaintiff was represented by counsel, ALJ Robert Gonzalez issued a decision finding that Plaintiff was not disabled. Tr. 12-33. Plaintiff's request for Appeals Council Review was denied, after which he commenced this action. Tr. 1-6; Dkt. 1.

## LEGAL STANDARDS

### I.   District Court Review

Judicial review of disability claims under the Act is limited to whether the Commissioner's decision is supported by substantial evidence and whether the correct legal standards were applied. *See* 42 U.S.C. § 405(g); *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013). The Commissioner's factual findings are conclusive when supported by substantial evidence. *See Estrella v. Berryhill*, 925 F.3d 90, 95 (2d Cir. 2019). "Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a

---

[2] Plaintiff applied for SSI, which "provides benefits to each aged, blind, or disabled individual who does not have an eligible spouse and whose income and resources fall below a certain level." *Clark v. Astrue*, 602 F.3d 140, 142 (2d Cir. 2010) (quoting 42 U.S.C. § 1382(a)) (internal quotation marks omitted).

[3] The filing at Dkt. 6 is the transcript of the proceedings before the Social Security Administration. All references to Dkt. 6 are hereby denoted "Tr. ___."

conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks and citation omitted).

While the Court does not determine *de novo* whether the claimant is disabled, the Commissioner's conclusions of law are not given the same deferential standard of review. *See Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003). If there is a reasonable doubt as to whether the ALJ applied the correct legal standards, then upholding the determination "creates an unacceptable risk that a claimant will be deprived of the right to have his disability determination made according to correct legal principles." *Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987); *see Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quoting *Cruz v. Sullivan*, 912 F.2d 8, 11 (2d Cir. 1990)) (holding that the Court's review for legal error ensures "that the claimant has had a full hearing under the . . . regulations and in accordance with the beneficent purposes of the . . . Act.").

## II.   **Disability Determination**

Disability under the Act is determined under a five-step test. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986); 20 C.F.R. § 416.920. First, the ALJ must determine whether the claimant is currently engaged in substantial gainful activity. 20 C.F.R. § 416.920(b). "Substantial gainful activity" is work activity that involves significant physical or mental activities and is normally done for pay or profit. 20 C.F.R. § 416.972. If the ALJ finds that the claimant is engaged in substantial gainful activity, the claimant cannot claim disability. 20 C.F.R. § 416.920(b).

3

Second, the ALJ must determine whether the claimant has a medically determinable impairment or a combination of impairments that significantly limits the claimant's ability to perform basic work activities.  20 C.F.R. § 416.920(c).  Absent such impairment, the claimant may not claim disability.  *Id.*

Third, the ALJ must determine whether the claimant meets or medically equals the criteria of an impairment listed in 20 C.F.R. § 404, Subpart P, Appendix 1.  20 C.F.R. § 416.920(c).  If such criteria are met, then the claimant is declared disabled.  20 C.F.R. § 416.920(d).

Even if the claimant is not declared disabled under the third step, the ALJ may still find disability under the next two steps of the analysis.  The ALJ must determine the claimant's residual functional capacity ("RFC").  20 C.F.R. § 416.920(e).  The RFC is a holistic assessment of the claimant's medical impairments, both severe and non-severe, that evaluates the claimant's ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for collective impairments.  20 C.F.R. § 416.945.

In the fourth step, the ALJ must determine whether the claimant has the RFC to perform past relevant work.  20 C.F.R. § 416.920(f).  If the claimant is capable of performing past relevant work, then the claimant is not disabled.  20 C.F.R. § 416.960(b)(3).  If the ALJ finds that the claimant is unable to perform past relevant work, the analysis proceeds to the fifth and final step.  20 C.F.R. § 416.920(g)(1).

In this final analytical step, the ALJ must decide whether the claimant is able to perform any other relevant work corresponding with his RFC, age, education, and work experience. 20 C.F.R. § 416.960(c). Here, the burden of proof shifts from the claimant to the Commissioner to prove that a significant number of jobs in the national economy exists that the claimant can perform given his RFC, age, education, and work experience. 20 C.F.R. §§ 416.920(g), 416.960(c); *see Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999).

## DISCUSSION

### I.     The ALJ's Decision

The ALJ determined that Plaintiff had not engaged in substantial gainful activity since his application date, August 16, 2019. Tr. 18. The ALJ also found that Plaintiff suffered from the following severe impairments: a seizure disorder, an intellectual disorder, anxiety, depression, and an impulse control disorder. *Id.* The ALJ concluded, however, that Plaintiff's severe impairments did not meet or medically equal one of the listed impairments in 20 C.F.R. § 404, Subpart P, Appendix 1. *Id.*

After considering the entire record, the ALJ determined that Plaintiff had the RFC to perform a full range of work at all exertional levels, with the following non-exertional limitations:

> [Plaintiff] can understand, remember, and [carry out] simple work and adapt to routine workplace changes. He can occasionally interact with supervisors, coworkers, and the general public. Additionally, [Plaintiff] cannot work at unprotected heights, he cannot work on ladders, ropes, and scaffolds, he

5

cannot operate a motor vehicle, and he must avoid concentrated exposure to dust, fumes, and noxious gases.

Tr. 21-22.

The ALJ found that Plaintiff had no past relevant work. Tr. 25. But he concluded that Plaintiff was not disabled because his age, education, work experience, and RFC allowed him to perform jobs existing in significant numbers in the national economy. *Id.* As such, according to the ALJ, Plaintiff had not been under a disability since his application date of August 16, 2019. Tr. 26-27.

## II.   Plaintiff's Argument

Plaintiff argues that the ALJ failed to account for all of the limitations in the "persuasive" opinion of consultative examiner Janine Ippolito, Psy.D. Dkt. 7-1, at 11-15. As set forth below, Plaintiff's argument is without merit.

## III.   Analysis

An ALJ must "weigh all of the evidence available to make an RFC finding that [is] consistent with the record as a whole." *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013); *accord Nora A. v. Comm'r of Soc. Sec.*, 551 F. Supp. 3d 85, 93 (W.D.N.Y. 2021). The ultimate RFC determination does not need to correspond "with any of the opinions of medical sources cited in [the ALJ's] decision." *Matta*, 508 F. App'x at 56. The ALJ is not a medical professional, however, and is therefore "not qualified to assess a claimant's RFC on the basis of bare medical findings." *Ortiz v. Colvin*, 298 F. Supp. 3d 581, 590 (W.D.N.Y. 2018).

Dr. Ippolito examined Plaintiff on October 17, 2019. *See* Tr. 536-39. She opined, among other things, that Plaintiff was moderately limited in the following

6

abilities: (1) understanding, remembering, or applying complex directions and instructions; (2) using reason and judgment to make work-related decisions; (3) interacting adequately with supervisors, co-workers, and the public; (4) regulating emotions; (5) controlling behavior; and (6) maintaining his well-being, personal hygiene, and appropriate attire. Tr. 538. Dr. Ippolito attributed these limitations to Plaintiff's "suspected intellectual deficits and behavioral problems." *Id.*

The ALJ found Dr. Ippolito's opinion persuasive as it was supported by her "largely normal" mental status examination finding. Tr. 25; *see Angela H.-M. v. Comm'r of Soc. Sec.*, — F. Supp. 3d —, No. 6:20-CV-06676 EAW, 2022 WL 4486320, at *4 (W.D.N.Y. Sept. 27, 2022) (noting that 20 C.F.R. § 416.920c requires ALJs always to discuss the "supportability" and "consistency" factors when evaluating a medical opinion). He also noted that Dr. Ippolito's opinion was consistent with the longitudinal record in which Plaintiff was generally described as "alert, oriented, cooperative, and pleasant with normal mood and affect, appropriate grooming, goal-directed thought processes, normal insight and judgment, and intact memory." *Id.* (citing Tr. 541, 559, 661, 669).

Plaintiff claims that the ALJ failed to account for Dr. Ippolito's finding of moderate limitations in his ability to use reason and judgment to make work-related decisions, regulate emotions, control behavior, and maintain his own well-being, personal hygiene, and appropriate attire. *See* Dkt. 7-1, at 13. The ALJ, however, accounted for Dr. Ippolito's findings at both the step three and RFC determinations.

At step three, the ALJ performed the "special technique" and found that Plaintiff had moderate limitations in all four areas of mental functioning, including in his ability to adapt and manage himself.[4] *See* Tr. 19-20; *see also Kohler v. Astrue*, 546 F.3d 260, 266 (2d Cir. 2008) (discussing the ALJ's application of the "special technique"). The ALJ cited to Dr. Ippolito's opinion in his analysis of each of the four areas of mental functioning. *See* Tr. 19-20. Even if the ALJ had deviated from Dr. Ippolito's opinion at step three, Plaintiff would not have been declared disabled because the ALJ did not find two "marked" limitations or one "extreme" limitation. *See* 20 C.F.R. § 404, Subpart B, Appendix 1, 12.00(A)(2)(b); *Gordon v. Saul*, 410 F. Supp. 3d 553, 559 (W.D.N.Y. 2019). To the extent Plaintiff claims that the ALJ failed to adequately consider Dr. Ippolito's opinion at step three, that argument is without merit. *See Mangual v. Comm'r of Soc. Sec.*, 600 F. Supp. 3d 313, 329 (S.D.N.Y. 2022) ("Moreover, while the ALJ did not separately discuss Mangual's capacity to regulate emotions, control behavior, and maintain well-being in his discussion of Dr. Schaich and Dr. Broska's opinions, the ALJ elsewhere in his decision provided reasons for his finding that Mangual was only mildly limited in this area.").

---

[4] A claimant's ability to "adapt or manage oneself" refers to the ability "to regulate emotions, control behavior, and maintain well-being *in a work setting*." 20 C.F.R. § 404 Subpart P, Appendix 1, 12.00(E)(4) (emphasis added). Examples of this include one's ability to respond to demands, adapt to changes, manage one's psychologically based symptoms, distinguish between acceptable and unacceptable work performance, set realistic goals, make plans for oneself independently of others, maintain personal hygiene and attire appropriate to a work setting, and be aware of normal hazards and take appropriate precautions. *See id.*

Further, a claimant's RFC is "the most work a claimant can still do despite limitations from an impairment and/or its related symptoms." *Rieder v. Comm'r of Soc. Sec.*, 464 F. Supp. 3d 499, 503 (W.D.N.Y. 2020) (quoting *Farnham v. Astrue*, 832 F. Supp. 2d 243, 263 (W.D.N.Y. 2011)) (internal quotations marks and citation omitted); *see* 20 C.F.R. § 416.945.   Here, the ALJ limited Plaintiff to performing simple work with only routine workplace changes and occasional interaction with supervisors, co-workers, and the general public.   *See* Tr. 21.   These work-related restrictions adequately account for the moderate limitations opined by Dr. Ippolito. *See Mangual*, 600 F. Supp. 3d at 329 (citing *Zabala v. Astrue*, 595 F.3d 402, 410 (2d Cir. 2010)) (holding that a finding of moderate limitations is "not an impediment to the ability to perform gainful activity, particularly when an RFC has already limited a claimant to unskilled, routine work."); *but see Felix S. v. Comm'r of Soc. Sec.*, — F. Supp. 3d —, No. 6:20-CV-06703 EAW, 2022 WL 4486319, at *5 (W.D.N.Y. Sept. 22, 2022) (holding that an ALJ's failure to incorporate any mental limitations in the RFC was inconsistent with a physician's "persuasive" opinion that the claimant had mild-to-moderate limitations in mental functioning).   Plaintiff also does not suggest any additional work-related limitations that the ALJ could have included to better account for Dr. Ippolito's findings.   *See Timothy J. v. Comm'r of Soc. Sec.*, 583 F. Supp. 3d 419, 426 (W.D.N.Y. 2022) (citing *Smith v. Berryhill*, 740 F. App'x 721, 726 (2d Cir. 2018) (summary order)) ("It was ultimately Plaintiff's burden to prove a more restrictive RFC than the RFC assessed by the ALJ.").   As

such, the ALJ did not err in his consideration of Dr. Ippolito's opinion when crafting Plaintiff's RFC. *See Matta*, 508 F. App'x at 56.

In sum, substantial evidence supports the ALJ's decision.

## CONCLUSION

For all of these reasons, the Court **GRANTS** the Commissioner's motion for judgment on the pleadings (Dkt. 9) and **DENIES** Plaintiff's motion for judgment on the pleadings (Dkt. 7). The Clerk of the Court will close this case.


SO ORDERED.


Dated:        February 10, 2023
              Buffalo, New York


JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE

10